The following constitutes
the order of the court. Signed December 22, 2011

_____
**William J. Lafferty, III
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

```
In re General Macarthur Sheppard,   )
                                    )    Case No. 11-41693
                                    )    Chapter 13
              Debtor.               )
_____)
```

MEMORANDUM OF DECISION RE: MOTION FOR RELIEF FROM STAY

This matter came for a continued hearing on October 19, 2011 on the motion of Deutsche Bank National Trust Company ("Deutsche") for relief from stay. Joseph Chun appeared for Deutsche and Anne Nguyen appeared for General MacArthur Sheppard, the debtor ("Debtor"). During the hearing, the parties requested the opportunity to brief an issue concerning the effect of the confirmation of Debtor's chapter 13 plan on the entitlement of the creditor to receive payments under the promissory note upon which its claim is based. For the reasons set forth below, the Motion is granted in part as explained below.

Debtor filed this case on February 16, 2011. Deutsche holds a claim in the approximate amount of $255,000, evidenced by a promissory note (the "Note") secured by a first priority lien on Debtor's residence.

Debtor confirmed his Chapter 13 Plan (the "Plan") on May 2, 2011. Deutsche did not object to confirmation of the Plan.

As of the date of confirmation of the Plan, the minimum monthly payment amount due under the Note was $2409.58. The Note includes an adjustable interest rate, and therefore a variable monthly amount due.

Paragraph 4 of the Plan calls for Deutsche to receive payments of $1000 per month "outside the plan". Neither paragraph 4, nor any other provision of the Plan, purport to modify Deutsche's claim, or modify or restrict its rights under the Code to retain its lien. The Plan is also silent about the adjustable interest rate of the Note.

Deutsche filed its Motion for Relief from Stay on August 8, 2011, based on Debtor's alleged default in paying amounts due post-petition under the Note. Debtor opposed the Motion based upon its assertion that confirmation of the Plan, to which Deutsche had the opportunity to, but did not, object, was res judicata (a) as to the amounts due Deutsche during the pendency of the Plan, and (b) as to the total amount of Deutsche's claim (i.e., barring the accretion of any deficiency), citing United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367 (2010).

Deutsche made a number of arguments in response. First, Deutsche asserted that this matter is not governed by Espinosa, because, unlike the situation in Espinosa, the Plan in this case did not supply Deutsche with express, conspicuous notice of Debtor's intention to modify Deutsche's rights. While that argument is partly correct in the sense that the Plan did not expressly state in a narrative that it was modifying the monthly payment (nor that it was modifying any of Deutsche's other rights), the Plan did provide express notification of the Debtor's intention to pay only $1000 per month on the obligation to Deutsche during the course of the Plan, rather than the amount called for

under the Note. This Court finds that the marked difference in the amount proposed to be paid on a secured note in the Plan from the amount called for under the Note is adequate "notice" of the Debtor's intent to modify Deutsche's present payment rights, requiring Deutsche to take action in opposing confirmation of such a plan under Espinosa in order to preserve its rights with respect to that issue.

Deutsche also urges this Court to follow the holding of In re Ventura, 2010 Bankr. Lexis 594 (Bankr. N.D. Cal. 2010), a case decided by another Bankruptcy Court in this district, which stands for the proposition that a chapter 13 plan must set forth its intended effect clearly, and that any "ambiguity" in a confirmed plan must be construed against the debtor as the drafter of the plan. In re Ventura, 2010 Bankr. Lexis 594, at *3. As so construed, a plan therefore has a res judicata/collateral estoppel effect only with respect to those provisions which are unambiguous. Id.

While this Court has no doubt that Ventura was correctly decided, this Court also finds that the facts in Ventura are different from the facts in this matter in at least one critical aspect, which makes Ventura at least partly inapposite. In Ventura, the plan set forth a minimum amount payable to the holder of an adjustable note (secured by real property) that was identical to the monthly payment then due under the then-pertaining interest rate; the plan was silent as to whether the payment would vary according to the Note. The creditor, apparently relying on the correct minimum amount due under the plan, did not object to confirmation. When the interest rate adjusted, and the minimum monthly payment increased, the debtor argued that the plan, which specified only a flat rate, governed, and barred any recourse by the creditor. The Bankruptcy Court found the plan ambiguous in light of the

plan's inclusion of a minimum monthly payment in accord with the amount then-currently due under the note, without any hint of an intent to modify the note from an adjustable rate to a fixed rate. Accordingly, the Bankruptcy Court construed the plan as not modifying the note.

The facts in this case are different in that the Plan evidenced an unambiguous attempt to modify the monthly payment due under the Note during the course of the Plan. This Court acknowledges that the Plan's failure to address any modification of the remaining rights under the Note, or the claim amount, arguably make this Plan ambiguous. But the Plan in this case is not misleading in the same way as the plan in Ventura.

Rather, the Court believes that this case is more closely governed by the opinion in In re Riedel, 2010 Bankr. Lexis 4569 (Bankr. N.D. Cal. 2010), also decided by a Bankruptcy Court in this district. In Riedel, the debtor also confirmed a plan with a proposed monthly payment to a lender with a claim secured by the debtor's residence. Like this case, the plan in Riedel did not explicitly purport to modify the secured creditor's lien rights, or the right to be paid the full amount of its claim under section 1322 of the Code. Accordingly, while the Bankruptcy Court in Riedel agreed that confirmation of the plan was res judicata under Espinosa as to the amount of the monthly payment during the course of the chapter 13 case, the plan did not modify the secured creditor's rights to be paid, eventually, the full amount due under the note. Since the monthly minimum amounts under the plan were less than the note required, the debtor was accumulating a deficiency via the plan that would all be due prior to the debtor receiving a discharge. The Court accordingly denied debtor's objection to the creditor's claim, which included amounts due based upon a variable interest rate.

The facts in this case are similar. Even if Deutsche is bound by the res judicata effect of confirmation of the Plan, that effect cannot extend beyond the provisions of the Plan that purport to modify Deutsche's rights, i.e., the provision that modifies the amount *presently* payable on a monthly basis. Nothing in the Plan purported to modify Deutsche's rights as a creditor with a claim secured by the Debtor's residence; in that capacity, pursuant to Section 1322(b)(2) of the Code, Deutsche's claim cannot be "crammed down", and it will retain its lien until its claim is paid in full.

In light of these facts, there is little purpose in continuing to allow the Debtor to accrue an unpaid deficiency claim through "performance" under his Plan. Accordingly, the Court hereby sets a continued hearing on Deutsche's motion for relief from stay for January 11, 2012 at 9:30 a.m., to discuss the continuing arrears under Debtor's Plan, and an appropriate resolution of this matter, which may include a form of adequate protection order in favor of Deutsche.

**END OF DOCUMENT**

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Ann Nhieu Nguyen |
| | Phan, Nguyen, and Associates LLP |
| 3 | 1999 Harrison St. #660 |
| | Oakland, CA 94612 |
| 4 | |
| | Joseph Chun, Esq. |
| 5 | McCarthy & Holthus, LLP |
| | 1770 Fourth Avenue |
| 6 | San Diego, CA 92101 |